## Appeal of CITY BANK CO.    Docket No. 154.

The successful bidder at a judicial sale held on February 28, 1913, which sale was confirmed by the court and the deed executed and delivered subsequent to March 1, 1913, did not acquire the property prior to March 1, 1913, within the meaning of section 202 (a) of the Revenue Act of 1918, and can not value the property as of that date for the purpose of determining gain or loss upon the subsequent sale or disposition thereof.

Submitted November 22, 1924; decided December 18, 1924.

*G. A. Resek, Esq.*, and *H. A. Mihills, C. P. A.*, for the taxpayer.

*John D. Foley, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before IVINS, KORNER, and MARQUETTE.

From the testimony and stipulation made at the hearing the Board makes the following

### FINDINGS OF FACT.

The City Bank Co. is an Ohio corporation and appeals from the proposed assessment of $1,433.72 for the year 1918 and $4,285.36 for the year 1920 as determined by the Commissioner in his deficiency letter mailed July 11, 1924.

During the period from 1906 to 1910, inclusive, the taxpayer made loans to the Sheffield Land & Improvement Co. aggregating $113,000, which were secured by mortgages on real estate owned by said company. On or about February 3, 1912, a receiver was appointed for the Sheffield Land & Improvement Co. by the United States

District Court of the Northern District of Ohio, and upon application of the receiver the liens against the real estate of the company were ordered marshaled. A meeting of the representatives of the company and its creditors was held on March 6, 1912, at which an agreement was made between the respective parties whereby the company was given six months within which to make a substantial payment to the secured creditors and in consideration of such extension it was agreed that all rents were to be segregated and used to preserve the property and the remainder credited to the claims of the creditor holding the mortgage on the property from which the rents were received. It was further agreed in consideration of the extension that if the company failed to redeem its property it would waive all appraisement of said real estate, and the decree of sale should provide that each mortgagee could bid in the property covered by it mortgage for the amount of its mortgage indebtedness.

The company failed to dispose of the receivership or to otherwise carry out the agreement of March 6, 1912, and on September 12, 1912, a decree of sale was duly entered in the receivership suit and the property ordered sold by a special master at public auction. The decree permitted the various properties covered by each mortgagee's mortgage to be sold as a unit and further provided that the properties should not be sold for a sum less than the amount of the principal and interest due, including advancements made for taxes.

On February 28, 1913, the taxpayer's mortgage with interest and other charges amounted to $77,577.44, and on said date the properties covered by its mortgage were struck off by the special master to the taxpayer at the amount of the taxpayer's claim against the company. On March 7, 1913, the special master filed with the court a report of sale, and on March 24, 1913, the court confirmed the sale and ordered the special master to execute and deliver to the purchaser the proper deed. The deed was duly executed and delivered on March 24, 1913.

During the years 1918 and 1920 the taxpayer sold portions of the said property so acquired and computed its gain thereon upon the theory that it had acquired the property prior to March 1, 1913; that on said date the property had a fair market price or value of $176,651.20, and that such fair market price or value should govern in determining its gain or loss from subsequent sales. The Commissioner has computed the gain on the price for which the property was sold under the decree, to wit, $77,577.44.

### DECISION.

The determination of the Commissioner is approved.

### OPINION.

MARQUETTE: The question for decision herein is whether the taxpayer should be permitted to value as of March 1, 1913, the properties bid in at the master's sale for the purpose of determining the gain or loss on a subsequent sale or disposition thereof. The facts upon which our decision must turn may be shortly stated. On February 28, 1913, pursuant to a decree of the United States District

Court for the Northern District of Ohio, a special master offered for sale at public auction the properties in question and the bid of the taxpayer herein of $77,577.44 was the highest and best bid received. On March 7, 1913, the master filed with the court his report of sale and on March 24, 1913, the court confirmed the sale and directed the execution and delivery of the deed to the purchaser, which was done on that date.

The provisions of the Revenue Act of 1918 pertinent to this question are as follows:

SEC. 202(a) That for the purpose of ascertaining the gain derived or loss sustained from the sale or other disposition of property, real, personal, or mixed, the basis shall be—

(1) In the case of property acquired before March 1, 1913, the fair market price or value of such property as of that date; and

(2) In the case of property acquired on or after that date, the cost thereof. * * *

The preliminary question therefore is whether under the disclosed facts the properties herein were *acquired* before March 1, 1913.

It is well settled that a judicial sale is not complete until it has been confirmed by the court under whose order it was made. Before confirmation, the successful bid is but an offer, the acceptance or rejection of which is within the sound legal discretion of the court and the acceptance is manifested by the order confirming the sale. Between the sale and the order of confirmation the bidder has no title (16 Ruling Case Law 81, and cases cited).

In *Tennessee* v. *Quintard*, 80 Fed. 829, the Circuit Court of Appeals of the Sixth Circuit said:

The cases, both Federal and State, fully establish the rule that Quintard's bid for the property at the special master's sale was only an offer to take the property at that price, and that acceptance or rejection of that offer was within the sound legal discretion of the court, to be exercised with due regard to the special circumstances of the case. The acceptance of his offer could only have been manifested by an order confirming the sale, and, until that was done, he acquired no title, and there was in his position at the time this petition was filed no element of an innocent purchaser.

The difference between a judicial sale and an execution sale must be kept in mind and this difference was clearly set forth in *In re Haywood Wagon Co.*, 219 Fed. 655, 659, as follows:

An execution sale is not a " judicial sale." The officer makes an execution sale under the authority of his writ and of the statute. The proceeding before us is one of a very different nature. In a judicial sale, such as the one complained of, the court is the vendor and the sale is by the court even though made through the instrumentality of a referee. The sale, in such a case as this, confers no right to the property sold until it has been confirmed by the court. It is the confirmation that makes the sale the act of the court. In an execution sale there is no report made to the court and no confirmation of the sale made by the court. The principles applicable to the one class of sales are not necessarily applicable to the other.

There is another rule of law with respect to judicial sales to the effect that upon confirmation thereof the deed executed pursuant thereto takes effect by relation as of the day of sale, and vests in the purchaser the right to intermediate rents (16 Ruling Case Law, 132; *Jashenosky* v. *Volrath*, 59 Oh. St. 540).

The taxpayer having title by relation as of February 28, 1913, the day of sale, the question is, does title by relation meet the requirements of the statute that the property must have been *acquired*

before March 1, 1913, in order that the fair market price or value as of that date may be used as the basis for determining gain or loss on the subsequent sales. The word *acquired* was undoubtedly used in the statute in its ordinary sense of " obtained as one's own " and we think it should be applied in that sense. On March 1, 1913, the taxpayer had no title and could have none until the sale was confirmed by the court. Upon confirmation and the execution and delivery of the deed it had title by relation as of February 28, 1913, but we do not think title by relation as of a particular date is equivalent to having acquired the property on that date. The property was not " obtained as its own " prior to March 1, 1913, but only from the date of confirmation, and the fact that upon confirmation the title relates back to the sale does not meet the challenge of the statute.

We do not think the properties in question were acquired prior to March 1, 1913, within the meaning of the statute, and it therefore follows that the taxpayer should not be permitted to value them as of that date for the purpose of determining gain or loss upon a subsequent sale or disposition thereof.