APPEAL OF COMMERCIAL TRUCK COMPANY OF AMERICA.

Docket No. 3300.    Decided November 23, 1926.

1. Petitioner did not possess a patent on March 1, 1913, and is not entitled to ascribe any value to a patent subsequently issued as of that date.

2. Opinions of value upon the hypothesis that a patent existed on March 1, 1913, based upon estimated royalties from the patented article, are insufficient to enable the Board to determine the fair market price or value, if any, of the application for letters patent.

*John T. McCracken, Esq.*, for the petitioner.
*John D. Foley, Esq.*, for the Commissioner.

This is an appeal from the determination of a deficiency in income and profits taxes for 1918 in the amount of $45,287.53. The issue involved is the value, if any, on March 1, 1913, of a patent issued June 24, 1913, for which application was made in 1909.

### FINDINGS OF FACT.

The petitioner is a Pennsylvania corporation engaged in the manufacture of electrically propelled motor trucks in Philadelphia. Prior to 1909 and subsequent thereto E. R. Whitney, an engineer, was in the employ of the petitioner, and there existed between them an oral agreement to the effect that all devices perfected and patented by him during his employment should become the property of the petitioner in so far as such devices related to automobiles.

On February 26, 1909, Whitney filed an application for United States letters patent on an invention entitled " Improvement in Motor Vehicles," known as a " Worm Drive Axle."

On November 22, 1912, the United States Patent Office notified Whitney that all claims set forth in his application for the patent had been allowed, with the exception of claim three, to the wording of which objection was interposed. Following receipt of such notice, and on December 23, 1912, the wording of this claim was changed to conform to the suggestions of the Patent Office. On March 8, 1913, formal notice of the allowance of the patent was forwarded to Whitney. On April 19, 1913, Whitney executed an assignment of the patent to the petitioner, which was received and recorded on the 22nd day of April in the Patent Office, in Liber 92, page 192, of Transfer of Patents. Letters Patent No. 1,065,413 were issued by the Patent Office June 24, 1913.

In the year 1918 petitioner sold this patent to a syndicate of automobile manufacturers for the sum of $50,000, reserving to itself the right to manufacture, use and sell axles embodying the invention.

In determining the deficiency the Commissioner regarded as income all of the $50,000 received on the sale of the patent except an amount of $1,530.41, the cost of procuring the patent, and increased petitioner's net income in the amount of $48,469.59, the amount by which the selling price of the patent exceeded the cost thereof.

## OPINION.

Littleton: E. R. Whitney agreed under a contract of employment with the petitioner that all devices perfected and patented by him during his employment should become the property of the petitioner so far as such devices related to automobiles. He perfected a device known as the "Worm Drive Axle," for which application for patent was pending from 1909 to June 24, 1913, when the patent was issued. The device, however, had been manufactured, used and sold by the petitioner for several years prior to the issuance of the patent. At least two other automobile manufacturers made and used the device before that time.

The petitioner takes the position that the invention was perfected and the application for letters patent had, with one exception, been allowed prior to March 1, 1913, and the only thing which remained to be done was the issuance of the patent; also, that title to the patent related back to the date of the application which was prior to the basic date. The claims set forth in the application were not allowed in full until March 8, 1913, and the patent was not issued until June 24, 1913. Petitioner had no monopoly on the invention until the patent was issued and, furthermore, title by relation does not meet the requirements of the statute that the property must have been acquired before March 1, 1913, in order that the fair market price or value, as of that date, may be used as a basis for determining gain or loss on the subsequent sale. *Appeal of City Bank Co.*, 1 B. T. A. 210. It is further contended that the application for the patent created a valuable property right on March 1, 1913, and that the value thereof was at least equal to or in excess of the sale price of the patent in 1918. We agree that an application for a patent is property and is subject to valuation. *Individual Towel & Cabinet Service Co.*, 5 B. T. A. 158. The evidence submitted consisted of the testimony of engineers familiar with the petitioner's invention. Their opinions of value were upon the hypothesis that petitioner owned a patent on March 1, 1913, and were based upon the estimated royalties from the patented article. This evidence is not sufficient to enable the Board to determine what value, if any, should be ascribed to the application for letters patent, which application was all that the petitioner owned on March 1, 1913.

*Judgment will be entered for the Commissioner.*